United States District Court
Southern District of Texas
**ENTERED**
February 26, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN CARLOS PEREZ, § <br> Movant § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent § | Civil Action No. 1:19-cv-110 <br> (Criminal Action No. 1:15-cr-1159-1) |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Juan Carlos Perez's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter, Perez's "Motion or "§ 2255 Motion"), and supporting submissions. Dkt. Nos. 1-3. The Government has filed a "Response in Opposition to Perez's 28 U.S.C. § 2255 Motion" (hereinafter, Respondent's "Response"), which asks the Court to deny Perez's Motion. It is recommended that the Court: (1) **DENY** the request for relief contained in Perez's § 2255 Motion and supporting submissions; (2) **GRANT** the requests for relief contained in Respondent's Response; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case. Additionally, it is recommended that the Court **DECLINE** to issue a certificate of appealability.

**I. Jurisdiction**

This Court has jurisdiction over Perez's § 2255 Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II.  Background and Procedural History

On June 29, 2016, Perez pleaded guilty to being an alien unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b).  *See United States of America v. Juan Carlos Perez-Lugo*, No. 1:15-cr-1159-1, Dkt. No. 35 at 1.[1]  On December 7, 2016, United States District Judge Rolando Olvera sentenced Perez to 60 months of imprisonment.  *Id*. at 1-2.  Judgment was entered on December 29, 2016.  *Id*. at 1.  Perez did not file a direct appeal.  Dkt. No. 1 at 1.  But, on May 10, 2017, Perez filed a pro se "Motion to Reduce Sentence Under the New Amended Version § 2L1.2 Taken Affect on November 1st. 2016."  CR Dkt. No. 37 (errors in original).  Judge Olvera denied this motion on June 27, 2019.  CR Dkt. No. 38.

On June 20, 2019, Perez filed his instant § 2255 Motion.  Dkt. No. 1.[2]  Shortly thereafter, he filed an affidavit and memorandum in support of his § 2255 Motion (hereinafter, "Affidavit" and "Supporting Memorandum").  Dkt. Nos. 2-3.  In his § 2255 Motion, Affidavit and Supporting Memorandum, Perez claims that: (1) he is actually innocent of illegal reentry; (2) there is no evidence of his guilt, therefore his incarceration constitutes involuntary servitude in violation of the Thirteenth

---

[1]  Hereinafter, Perez's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.  Perez's criminal case records list Perez's aliases as Juan Carlos Perez-Lugo and Carlos Perez.  CR Dkt. No. 22 at 2.

[2]  Perez states that he placed his § 2255 Motion in the prison mailing system on June 20, 2019.  Dkt. No. 1 at 12.  The Court will consider his Motion filed on that date.  *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's habeas application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

Amendment; and (3) his trial counsel, Jaime M. Diez, failed to provide him with effective assistance. Dkt. No. 1 at 4, 10; Dkt. No. 2 at 1-2; Dkt. No. 3 at 2-7. More specifically, Perez asserts that:

    1. He informed Diez that his parents and grandfather were all United States citizens. Dkt. No. 2 at 1-2; Dkt. No. 3 at 2. As a result of the citizenship status of his parents, he qualified for "derivative citizenship" automatically. *Id*. Because he qualified for derivative citizenship automatically, his reentry into the United States did not violate 8 U.S.C. § 1326(a) and (b). *Id*; Dkt. No. 1 at 10.

    2. Diez failed to investigate or present his derivative citizenship defense. Dkt. No. 2 at 2. Had Diez informed him that the defense applied to his case, he would have insisted on going to trial. Dkt. No. 3 at 7. At trial, the court would have informed the jury about his derivative citizenship defense. *Id*. at 3. There is a reasonable probability that this would have resulted in a jury verdict of not guilty. *Id*. Because Diez failed to correctly advise him, his guilty plea cannot constitute a knowing, voluntary guilty plea. *Id*. at 6-7.

    3. Because he is actually innocent of illegal reentry, and there is no evidence of his guilt, the Court should find that his § 2255 Motion is timely. Dkt. No. 1 at 10.

    The Government filed its sealed Response and supporting exhibits on October 10, 2019. Dkt. Nos. 15, 15-1, and 15-2. The Government argues that Perez's § 2255 Motion lacks merit and is time-barred pursuant to 28 U.S.C. § 2255(f). Dkt. No. 15 at 7-9, 19-23. The Government adds that Perez cannot overcome the application of § 2255(f) because his actual innocence claim lacks merit. *Id*. at 9-16.

Further, to the extent that Perez is attempting to claim that he was entitled to derivative citizenship, the Government asserts that the claim is procedurally defaulted due to Perez's failure to raise the claim on appeal. *Id*. at 4, 17-19. Perez has not filed a reply to the Government's Response, despite being provided with an opportunity to do so. *See* Dkt. No. 6.

### III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[3] amended 28 U.S.C. § 2255 to provide for a one-year limitations period

---

[3] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

applicable to motions filed under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Pursuant to § 2255(f), the one-year limitation period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).

## IV. Discussion

The Government argues that Perez's § 2255 Motion is time-barred pursuant to 28 U.S.C. § 2255(f). Dkt. No. 15 at 7-9. As noted above, § 2255(f) provides for a one-year limitations period applicable to motions filed under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). Under § 2255(f), the one-year limitation period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Perez has not submitted any information invoking § 2255(f)(2)-(4). *See generally* Dkt. Nos. 1-3. Accordingly, § 2255(f)(1) applies to his § 2255 Motion. Pursuant to § 2255(f)(1), Perez's one-year limitations period began to run on the date his conviction became final. When a defendant does not appeal, the judgment of conviction becomes final on the last day the defendant could have filed a notice of appeal. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008); *United States v. Scruggs*, 691 F. 3d 660, 669 (5th Cir. 2013). As Perez did not appeal, his conviction became final on January 12, 2017. That is, 14 days after the entry of his December 29, 2016 judgment. *See* CR Dkt. No. 35 at 1; FED. R. APP. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed"); *Ross v. Global Marine*, 859 F.2d 336, 337 (5th Cir. 1988) ("Repeatedly, we have held that the time for appealing from a judgment is measured from the date of entry, or docketing, not the date of signing by the judge or the date of filing.") (citations omitted). Adding one year to January 12, 2017, Perez had until January 12, 2018, to file his instant § 2255 Motion. Having filed his § 2255 Motion on June 20, 2019, his Motion is over one year and five months too late. His Motion is barred by the AEDPA statute of limitations. *See* 28 U.S.C. § 2255(f)(1).

Attempting to overcome this fact, Perez contends that the Court should not apply § 2255(f)(1) because he is actually innocent of illegal reentry. Dkt. No. 1 at 10. Perez asserts that he qualified for derivative citizenship at the time he was convicted. *Id*; Dkt. No. 2 at 1-2. As a result, he states that he cannot be guilty of coming into this country illegally. *Id*; Dkt. No. 2 at 1-2. "In the alternative," Perez argues his incarceration constitutes "involuntary servitude" in violation of the Thirteenth Amendment because there is no evidence of his guilt. Dkt. No. 1 at 10. In support of his derivative citizenship argument, Perez has submitted his own signed, sworn Affidavit stating that he qualified for derivative citizenship "automatically." Dkt. No. 2 at 2.

It is well-established that the AEDPA limitations period is strictly construed. *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002) ("Congress has imposed a strict one-year limitations period for the filing of all habeas petitions under the AEDPA, subject only to the narrowest of exceptions."). Nevertheless, if a habeas petitioner or § 2255 movant can demonstrate his actual innocence, he may overcome the bar to review created by the AEDPA limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).[4] As the Supreme Court held in *McQuiggin v. Perkins*, a tenable claim of actual innocence serves as a gateway through which a petitioner may pass despite

---

[4] *McQuiggin v. Perkins* involved a habeas petitioner seeking relief under 28 U.S.C. § 2254. 569 U.S. 383 (2013). An application seeking habeas relief under § 2254 is referred to as a petition, whereas one filed under § 2255 is referred to as a motion. *United States v. Flores*, 135 F.3d 1000, 1002 n. 7 (5th Cir. 1998). The law applicable to § 2254 petitions is generally applicable to § 2255 motions, and vice-versa. *Id*; *United States v. Orozco-Ramirez*, 211 F.3d 862, 864 (5th Cir. 2000). Accordingly, it is not necessary to "adhere to the linguistic 'motion/petition' distinction in referring to the filing that a prisoner makes to begin proceedings under sections 2255 and 2254[.]" *Flores*, 135 F.3d 1000, 1002 n. 7.

the fact that his claims are untimely. *Id.* Still, tenable actual innocence claims are rare, and the petitioner may not proceed through the gateway unless he produces new, reliable evidence of his innocence. *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Perez's Affidavit is the only evidence he has provided to support his claim that he was actually innocent of illegal reentry due to his derivative citizenship. *See* Dkt. Nos. 1-3. Perez's Affidavit conflicts with the statements he made in court, while under oath. *See* CR Dkt. No. 47 at 6, 24, 41-42. In court, Perez admitted that he was not a citizen of the United States and was instead a citizen of Mexico. *Id.* at 24. He also admitted that: (1) he entered this country illegally by crossing the Rio Grande River; (2) he was pleading guilty to illegally reentering this country because he was guilty; and (3) he was pleading guilty knowingly and voluntarily. *Id.* at 38, 41-42.

"Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Courts should afford "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). If a movant seeks to undermine the verity of his in-court statement, he must provide independent evidence to support the statements made in his affidavit, as a self-serving affidavit by itself is not enough.

*See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (petitioner required to support allegations that are inconsistent with representations made at a plea colloquy with evidence that has independent indicia of reliability). Perez has presented no independent evidence to support his claim of actual innocence.

Thus, even if Perez's derivative citizenship argument was legally and factually correct, which it is not,[5] Perez has failed to show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Having failed to provide evidence of his actual innocence, he may not overcome the bar to review created by the AEDPA limitations period. *Id*.

Similarly, Perez has not shown that his incarceration constitutes involuntary servitude in violation of the Thirteenth Amendment. Perez argues that his incarceration constitutes involuntary servitude because there is no evidence of his guilt. Dkt. No. 1 at 10. This conclusory argument is procedurally barred and refuted

---

[5] Perez's criminal case records indicate that: (1) Perez was previously a legal permanent resident but lost that status in 2005 due to his criminal conduct; (2) thereafter, Perez was ineligible for citizenship due to his felony convictions and extensive criminal history; (3) at the time of his instant conviction, Perez had already been deported on more than one occasion and neither parent's status rendered him eligible for citizenship. *See* CR Dkt. No. 22 at ¶¶ 6, 15, 13, 29, 30, 53; CR Dkt. No. 24; CR Dkt. No. 31 at 3; CR Dkt. No. 31-1; Dkt. No. 15-1; Dkt. No. 15-2 at 7-8. Perez has produced no evidence to contradict this information. Further, as the Government correctly notes (*see* Dkt. No. 15 at 17-19), Perez did not raise his derivative citizenship or involuntary servitude arguments on appeal because he did not file an appeal. Dkt. No. 1 at 1. As a result, both arguments are procedurally barred unless Perez can show cause and prejudice for his default. *See United States v. Cervantes*, 132 F.3d 1106, 1109 ("review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice"). Perez has not shown cause and prejudice for his default. Thus, even if Perez had filed his § 2255 Motion on time, his Motion would still be subject to dismissal. *Id*.

by his criminal case records. *See supra* note 5. As such, it does not excuse his failure to file his § 2255 Motion on time. Perez's § 2255 Motion should be dismissed as untimely pursuant to 28 U.S.C. § 2255(f)(1).

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this

case because Perez has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

It is recommended that the Court: (1) **DENY** the request for relief contained in Perez's § 2255 Motion and supporting submissions; (2) **GRANT** the requests for relief contained in the Government's Response; (3) **DIRECT** the Clerk of Court to **CLOSE** this case; and (4) **DECLINE** to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

SIGNED on this 26th day of February, 2020.

_____
Ignacio Torteya, III
United States Magistrate Judge